**HUMPHREY & PETERSEN, P.C.**
6063 E. GRANT ROAD
TUCSON, ARIZONA 85712
TELEPHONE: 520-795-1900

Andrew J. Petersen, State Bar No. 016699
APetersen@humphreyandpetersen.com
Attorney for Defendant Ryan T. Remington

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Estate of Richard Lee Richards by Special Administrator Victoria Richards,<br><br>    Plaintiff,<br><br>vs.<br><br>Ryan T. Remington and City of Tucson,<br><br>    Defendants. | Case No.: 4:22-cv-00429-JGZ<br><br>**ANSWER** |

Defendant Ryan T. Remington by counsel answers Plaintiff's Complaint.

**INTRODUCTION**

1. Admit only that Defendant Remington used deadly force. Deny all other allegations of this paragraph.

2. Denied.

3. Denied.

4. Denied.

1

|   |     |                                                                                                   |
|---|-----|---------------------------------------------------------------------------------------------------|
| 1 | 5.  | Denied.                                                                                           |
| 2 | 6.  | Denied.                                                                                           |
| 3 | 7.  | Denied.                                                                                           |
| 4 | 8.  | Denied.                                                                                           |
| 5 | 9.  | Denied.                                                                                           |
| 6 | 10. | Denied.                                                                                           |
| 7 | 11. | Admit only that Tucson Police Chief Chris Mangus and Tucson Mayor Regina Romero made statements. All other allegations or inferences in this paragraph are denied. |
| 10 | 12. | Admit only that Defendant Remington appealed the decision to terminate him. All other allegations or inferences in this paragraph are denied. |
| 12 | 13. | Denied.                                                                                           |
| 13 | 14. | Denied.                                                                                           |
| 14 | 15. | The lawsuit alleges ADA, RA, and claims under state law.                                          |
| 15 | 16. | Denied.                                                                                           |

**JURISDICTION AND VENUE**

17. Admit this Court has jurisdiction.

18. Admit this Court has supplemental jurisdiction.

19  Admit venue is proper.

**PARTIES**

20. Admit upon information and belief.

21. Defendant Remington is without sufficient information to respond to this allegation.

22. Admit.

23. Admit only that Ryan Remington was employed as a police officer for the City of Tucson. The "engaged in the conduct complained of" is denied.

## FACTS

24. Admit only that the use of deadly force was justified.

25. Admit only that Defendant Remington was working for Walmart outside of his regular duty work hours.

26. Defendant Remington is without sufficient information to respond to this allegation.

27. Defendant Remington is without sufficient information to respond to this allegation.

28. Defendant Remington is without sufficient information to respond to this allegation.

29. Defendant Remington is without sufficient information to respond to this allegation.

30. Admit.

31. Admit upon information and belief.

32. Defendant Remington is without sufficient information to respond to this allegation.

| | | |
|---|---|---|
| 1 | 33. | Defendant Remington is without sufficient information to respond to this |
| 2 | | allegation. |
| 3 | 34. | Defendant Remington is without sufficient information to respond to this |
| 4 | | allegation. |
| 5 | 35. | Defendant Remington is without sufficient information to respond to this |
| 6 | | allegation. |
| 7 | 36. | Defendant Remington is without sufficient information to respond to this |
| 8 | | allegation. |
| 9 | 37. | Admit only that Defendant Remington was communicating with dispatch |
| 10 | | and other officers at various times while engaged with Richards. Deny all |
| 11 | | other allegations contained in this paragraph. |
| 12 | 38. | Admit only that Defendant Remington was wearing his Tucson Police |
| 13 | | Department police uniform badge and equipment. Deny all other |
| 14 | | allegations contained in this paragraph. |
| 15 | 39. | Defendant Remington is without sufficient information to respond to this |
| 16 | | allegation. |
| 17 | 40. | Defendant Remington is without sufficient information to respond to this |
| 18 | | allegation. |
| 19 | 41. | Defendant Remington is without sufficient information to respond to this |
| 20 | | allegation. |
| 21 | 42. | Defendant Remington is without sufficient information to respond to this |

allegation.

43. Admit only that Defendant Remington was too close to Richards to tase him. Deny all other allegations contained in this paragraph.

44. Admit Defendant Remington told Richards multiple times to stop.

45. Admit only that Defendant Remington did not use his taser. Deny all other allegations contained in this paragraph.

46. Denied.

47. Denied.

48. Defendant Remington is without sufficient information to respond to this allegation.

49. Denied.

50. Admit only that Defendant Remington used deadly force. Deny all other allegations of this paragraph.

51. Denied.

52. Defendant Remington is without sufficient information to respond to this allegation.

53. Defendant Remington is without sufficient information to respond to this allegation.

54. Defendant Remington is without sufficient information to respond to this allegation.

55. Defendant Remington is without sufficient information to respond to this

allegation.

56. Defendant Remington is without sufficient information to respond to this allegation.

57. Defendant Remington is without sufficient information to respond to this allegation.

58. Admit only that Tucson Police Chief Chris Mangus made a statement. All other allegations or inferences therefrom contained in this paragraph are denied.

59 Admit only that Tucson Mayor Regina Romero made a statement. All other allegations or inferences therefrom contained in this paragraph are denied.

60. Admit only that Defendant Remington was indicated but that indictment was dismissed.

61. Admit only that Tucson Police Department has a use of force policy.

62. Denied.

63. Admit upon information and belief.

64. Denied.

65. Denied.

66. Denied.

67. Defendant Remington is without sufficient information to respond to this allegation.

68. Defendant Remington is without sufficient information to respond to this allegation.
69. Admit only that Defendant Remington did not employ his taser. Deny all other allegations contained in this paragraph.
70. Defendant Remington is without sufficient information to respond to this allegation.
71. Denied.
72. Denied.
73. Denied
74. Denied.

## COUNT I

**42 U.S.C. § 1983, Excessive Force Claim Against Remington**

75. Defendant Remington incorporates his responses above.
76. Denied.
77. Denied.
78. Denied.
79. Denied.
80. Denied.
81. Denied.

# COUNT II

## 42 U.S.C. §§ 12111-213, Title II of the

## Americans with Disabilities Act ("ADA") Claim Against the City of Tucson

82. Defendant Remington incorporates his responses above.

83. Defendant Remington is without sufficient information to respond to this allegation.

84. Defendant Remington is without sufficient information to respond to this allegation.

85. Defendant Remington is without sufficient information to respond to this allegation.

86. Defendant Remington is without sufficient information to respond to this allegation.

87. Defendant Remington is without sufficient information to respond to this allegation.

88. Defendant Remington is without sufficient information to respond to this allegation.

89. Defendant Remington is without sufficient information to respond to this allegation.

90. Denied.

91. Defendant Remington is without sufficient information to respond to this allegation.

92. Denied.

## COUNT III

### 29 U.S.C. §§ 794-94e, Rehabilitation Act

93. Defendant incorporates his responses above.
94. Defendant Remington is without sufficient information to respond to this allegation.
95. Defendant Remington is without sufficient information to respond to this allegation.
96. Defendant Remington is without sufficient information to respond to this allegation.
97. Defendant Remington is without sufficient information to respond to this allegation.
98. Defendant Remington is without sufficient information to respond to this allegation.
99. Defendant Remington is without sufficient information to respond to this allegation.
100. Denied.
101. Defendant Remington is without sufficient information to respond to this allegation.
102. Denied.

## COUNT IV

### A.R.S. § 12-611, Wrongful Death Claim

103. Defendant incorporates his responses above.

104. Denied.

105. Denied.

106. Denied.

## GENERAL DENIAL

Any allegation of Plaintiff's Complaint to which there is no response is deemed denied.

## AFFIRMATIVE DEFENSES

As affirmative defenses applicable to all Counts, this Defendant alleges:

1. Failure to state a claim upon which relief may be granted;

2. Immunity;

3. Qualified Immunity;

4. Contributory negligence/comparative fault by decedent;

5. Privilege;

6. A.R.S. §12-711 and §12-712;

7. Justification and reasonable use of force under state and federal law, A.R.S. §13-402, §13-404, §13-405, §13-406, §13-410, §13-411 and §13-413; *Graham v. Connor*, 490 U.S. 386 (1989); *Tennessee v. Garner*, 471 U.S. 1 (1985).

8. Probable cause;

9. Failure to plead with specificity certain of Plaintiffs' allegations;

10. Lack of standing;

11. Failure to join indispensable parties;

12. Any award of punitive damages against this Defendant would be a violation of Defendant's Federal and State Constitutional rights including the due process clause of the Fourteenth Amendment;

13. Insufficient or inadequate Notice of Claim and failure to serve.

## DEMAND FOR JURY TRIAL

A jury trial is demanded.

WHEREFORE, Defendant Remington requests that Plaintiff take nothing by the Complaint; they request judgment in their favor to include attorney's fees under 42 U.S.C. § 1988 and A.R.S. §12-349 §13-420 and taxable costs.

DATED this 27th day of December, 2022.

HUMPHREY & PETERSEN, P.C.
/s/ Andrew Petersen
Andrew J. Petersen
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on 27th December, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

11

1  
2  John H. Bradley  
   Stang Bradley, LLC  
   613 Williamson Street  
3  Suite 204  
   Madison WI 53703  
4  Attorney for Plaintiff  

5  Renee Waters  
   Office of the Tucson City Attorney Civil Division  
6  255 W. Alameda  
   Tucson, AZ 85726  
7  Attorney for Defendant City of Tucson  

8  s/Barbara Boyka  

9  H:\MHFILES\8048-1\Answer.docx  

10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21