Renee J. Waters
Principal Assistant City Attorney for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ  85726-7210
Telephone:  (520) 791-4221
Fax:  (520) 623-9803
Renee.Waters@tucsonaz.gov
State Bar No. 031691
Pima County Computer No. 90191
*Attorneys for Defendant City of Tucson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ESTATE OF RICHARD LEE RICHARDS BY SPECIAL ADMIN VICTORIA RICHARDS,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN T. REMINGTON; et al.,<br><br>Defendants. | No. 4:22-cv-00429-JGZ<br><br>**DEFENDANT CITY OF TUCSON'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>(Assigned to Hon. Jennifer G. Zipps) |

Defendant, City of Tucson ("City"), for its response to Plaintiff's Complaint, admits, denies and alleges as follows:

**INTRODUCTION**

1. Admit that Defendant Ryan Remington used deadly force.
2. Deny.
3. Deny.
4. Admit that Remington fired a ninth shot.
5. Deny.
6. Admit that Richards was suspected of shoplifting and that that precipitated the contact with Remington.
7. Admit that Richards displayed a knife.
8. Admit that Remington did not possess pepper spray at the time of his incident and that he did not deploy his Taser.

1

9. Admit that Remington handcuffed Richards after the use of force.
10. Deny.
11. Admit only that Tucson Police Chief Chris Mangus and Tucson Mayor Regina Romero made the quoted statements. All other allegations or inferences in this paragraph are denied.
12. Admit only that the City moved to terminate Remington's employment and that Defendant Remington appealed the decision to terminate him.
13. Deny.
14. Deny.
15. The lawsuit alleges ADA, RA, and claims under state law.
16. Deny.

## JURISDICTION AND VENUE

17. Admit this Court has jurisdiction.
18. Admit this Court has supplemental jurisdiction.
19. Admit venue is proper.

## PARTIES

20. Admit upon information and belief.
21. The City lacks sufficient information to admit or deny and, therefore, denies.
22. Admit.
23. Admit Defendant Ryan Remington was employed by the City of Tucson at the time of the incident but deny that Remington was operating within the scope of his employment with the City during the incident.

## FACTS

24. Admit Defendant Ryan Remington used deadly force.
25. Deny.
26. Admit.
27. Admit.

28. Admit.
29. Admit.
30. The City lacks sufficient information to admit or deny and, therefore, denies.
31. The City lacks sufficient information to admit or deny and, therefore, denies.
32. The City lacks sufficient information to admit or deny and, therefore, denies.
33. The City lacks sufficient information to admit or deny and, therefore, denies.
34. The City lacks sufficient information to admit or deny and, therefore, denies.
35. The City lacks sufficient information to admit or deny and, therefore, denies.
36. The City lacks sufficient information to admit or deny and, therefore, denies.
37. The City lacks sufficient information to admit or deny and, therefore, denies, what Remington knew, should have known, or thought at the time of the incident. The City otherwise admits.
38. Admit.
39. Admit.
40. Admit.
41. Admit.
42. The City lacks sufficient information to admit or deny and, therefore, denies, but admits that Officer Taylor had a Taser.
43. Paragraph 43 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
44. Admit.

45. Admit.
46. Admit that Remington did not use a Taser. The City is unsure what Plaintiff means by "tool" and therefore denies the remaining allegations of Paragraph 46.
47. Paragraph 47 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
48. Paragraph 48 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
49. Paragraph 49 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
50. Paragraph 50 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
51. Paragraph 51 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
52. Admit.
53. Admit.
54. Paragraph 54 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
55. Paragraph 55 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
56. The City admits that, consistent with its policies, homicide detectives began an investigation into Richards' death.
57. Paragraph 57 pertains to Defendant Remington; therefore, no answer is necessary from Defendant City of Tucson.
58. Admit.
59. Admit.
60. Admit.
61. Admit.

62. The City makes no answer to the legal conclusions in Paragraph 62. To the extent that the paragraph alleges facts, the City denies.
63. Admit.
64. The City makes no answer to the legal conclusions in Paragraph 64. To the extent that the paragraph alleges facts, the City denies.
65. The City makes no answer to the legal conclusions in Paragraph 65. To the extent that the paragraph alleges facts, the City denies.
66. The City makes no answer to the legal conclusions in Paragraph 66. To the extent that the paragraph alleges facts, the City denies.
67. The City lacks sufficient information to admit or deny and, therefore, denies.
68. Admit that during the encounter, Remington never said he feared for his safety.
69. Admit that Remington never deployed or pulled out his Taser.
70. Admit.
71. The City makes no answer to the legal conclusions in Paragraph 71. To the extent that the paragraph alleges facts, the City denies.
72. The City makes no answer to the legal conclusions in Paragraph 72. To the extent that the paragraph alleges facts, the City denies.
73. The City makes no answer to the legal conclusions in Paragraph 73. To the extent that the paragraph alleges facts, the City denies.
74. Deny.

## **COUNT I**

**42 U.S.C. § 1983, Excessive Force Claim Against Remington**

75. The City re-alleges and incorporates by reference its answers to the preceding paragraphs.
76. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.

77. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
78. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
79. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
80. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
81. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.

## COUNT II

## 42 U.S.C. §§ 12111–213, Title II of the Americans with Disabilities Act ("ADA") Claim Against City of Tucson

82. The City re-alleges and incorporates by reference its answers to the preceding paragraphs.
83. The City lacks sufficient information to admit or deny and, therefore, denies.
84. The City lacks sufficient information to admit or deny and, therefore, denies.
85. The City lacks sufficient information to admit or deny and, therefore, denies.
86. The City lacks sufficient information to admit or deny and, therefore, denies.
87. Deny.
88. Deny.
89. Deny.
90. Deny.
91. Admit.

92. Deny.

## COUNT III

**29 U.S.C. §§ 794–94e, Rehabilitation Act Claim Against City of Tucson**

93. The City re-alleges and incorporates by reference its answers to the preceding paragraphs.
94. The City lacks sufficient information to admit or deny and, therefore, denies.
95. The City lacks sufficient information to admit or deny and, therefore, denies.
96. The City lacks sufficient information to admit or deny and, therefore, denies.
97. Deny.
98. Deny.
99. Deny.
100. Deny.
101. Admit.
102. Deny.

## COUNT IV

**A.R.S. § 12-611, Wrongful Death Claim**

103. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
104. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
105. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.
106. This claim is alleged only against Defendant Remington; therefore, the City makes no answer to the allegations against him.

The City also denies any allegation not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

The City also alleges the following affirmative defenses:

A. The City is entitled to sovereign immunity.

B. The Complaint fails to state a claim upon which relief may be granted.

C. The decedent caused or contributed to cause his own injuries.

DATED: April 7, 2023.

                                        MICHAEL G. RANKIN
                                        City Attorney

                                        By    */s/ Renee J. Waters*
                                                    Renee J. Waters
                                                    Principal Assistant City Attorney

# CERTIFICATE OF SERVICE

I hereby certify that April 7, 2023, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

John H. Bradley
R. Rick Resch
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
John@StrangBradley.com
Rick@StrangBradley.com
*Attorneys for Plaintiff*

Andrew Peterson
6063 E. Grant Rd.
Tucson, AZ 85712
apetersen@humphreyandpetersen.com
*Attorney for Co-Defendant Remington*


By /s/ C. Loss/mp